# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4081**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FELIX MARTINEZ-MELQUIADES,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Senior District Judge. (3:18-cr-00619-TLW-1)

Submitted: February 3, 2022                    Decided: February 16, 2022

Before AGEE, THACKER, and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Elliott Bishop Daniels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felix Martinez-Melquiades, a citizen of Mexico, pled guilty without a written plea agreement to one count of being an illegal alien in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(5)(A), 924(a)(2). He was sentenced to a term of 20 months in prison to be followed by two years of supervised release. On appeal, we dismiss the appeal in part and affirm the judgment in part.

In his opening brief, Martinez-Melquiades raises several challenges to the reasonableness of his sentence, including the imposition of supervised release. As Martinez-Melquiades has been released from custody and his term of supervised release has expired, we conclude that these sentencing issues are moot. The appeal of his conviction, however, is not moot because Martinez-Melquiades can show "some collateral consequence of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted); *see United States v. Meza-Rodriguez*, 798 F.3d 664, 667-68 (7th Cir. 2015) (holding that appeal of convictions by removable non-citizen defendant sentenced to time served with no supervised release was not moot because possibility of permanent bar to reentry constituted collateral consequence).

Martinez-Melquiades contends in his reply brief that his conviction is invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), asserting that his indictment did not charge each element of his § 922(g) offense and that he pled guilty without ever being

informed of all the elements of the charge against him.* Because Martinez-Melquiades did

not raise this argument before the district court, our review is for plain error. *Greer v.*

*United States*, 141 S. Ct. 2090, 2096-97 (2021). As the Supreme Court recently explained,

to obtain relief based on a *Rehaif* error on plain error review, a defendant must demonstrate

that "there is a reasonable probability that he would not have pled guilty" had the district

court "correctly advised him of the *mens rea* element of the offense." *Id.* at 2097 (internal

quotation marks omitted). Martinez-Melquiades makes no such argument on appeal.

Moreover, the record reflects that Martinez-Melquiades knew that he was a citizen of

Mexico and that he has lived in the United States illegally since 1999. We therefore

conclude that he is not entitled to relief.

Accordingly, we dismiss the appeal in part and affirm the judgment in part. We

dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional

process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

* "A party waives an argument by failing to present it in its opening brief." *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017); *cf. Cavallo v. Star Enter.*, 100 F.3d 1150, 1152 n.2 (4th Cir. 1996) ("an issue first argued in a reply brief is not properly before a court of appeals"). However, we have discretion to excuse a party's waiver of an argument. *United States v. Caldwell*, 7 F.4th 191, 212 n.16 (4th Cir. 2021) (exercising this Court's "discretion to excuse the fact that [appellant] did not raise arguments [based on cases decided after he filed his opening brief] until his [r]eply [b]rief"). In this case, we find that the issuance of *Rehaif* after Martinez-Melquiades filed his opening brief excuses his failure to raise his claim until his reply brief.